# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOENELL RICE, | Civil No. 3:21-cv-671 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN QUAY, | |
| Respondent | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Joenell Rice ("Rice"), an inmate confined at the United States Penitentiary, Allenwood, in White Deer, Pennsylvania. (Doc. 1). The sole named Respondent is Warden Quay. Rice seeks to proceed *in forma pauperis*. (Doc. 2). Preliminary review of the petition has been undertaken, *see* R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the Court will dismiss the petition without prejudice.

### I. Background

On May 9, 2016, Rice pleaded guilty in the United States District Court for the Norther District of Ohio to one count of possession of a firearm and/or ammunition by a

---

[1] Rule 4 provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* R. GOVERNING § 2254 CASES R.4. *See also* R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court).

convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1; *United States v.* Rice, No. 1:15-cr-32 (N.D. Ohio)). On August 2, 2016, the Northern District of Ohio sentenced Rice to 180 months' imprisonment. (*Id.*). On August 4, 2016, Rice filed a notice of appeal. (*United States v.* Rice, No. 1:15-cr-32, Doc. 43). On May 19, 2017, the United States Court of Appeals for the Sixth Circuit affirmed the District Court's judgment. (*Id.* at Doc. 49). Rice did not file a petition for writ of certiorari with the Supreme Court.

On December 4, 2018, Rice filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (*Id.* at Doc. 50). On February 27, 2019, the District Court denied the § 2255 motion. (*Id.* at Docs. 56, 57). On April 29, 2019, Rice filed a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (*Id.* at Doc. 58). On May 20, 2019, the District Court found that the filing was an unauthorized § 2255 motion and transferred the motion the United States Court of Appeals for the Sixth Circuit. (*Id.* at Doc. 62). On October 30, 2019, the Sixth Circuit Court of Appeals denied the motion for authorization to file a second or successive motion to vacate. (*Id.* at Doc. 63). Rice then filed a motion for a sentence reduction and a request for compassionate release, which the District Court denied. (*Id.* at Docs. 64, 65, 66, 90). Rice filed a notice of appeal. (*Id.* at Doc. 91). On March 17, 2021, the Sixth Circuit Court of Appeals docketed Rice's filing as an application under 28 U.S.C. § 2244 for permission to file a second or successive habeas petition. (*Id.* at Doc. 94; *see also In re: Joenell Rice*,

No. 21-3256 (6th Cir.)). The application remains pending before the Sixth Circuit Court of Appeals.

On April 2, 2021, Rice filed the instant habeas petition wherein he challenges his federal criminal case in the Northern District of Ohio. (Doc. 1).

## II. Discussion

At the outset, the Court notes that Rice seeks to collaterally attack his underlying, on-going criminal case. Rice concedes this fact. (Doc. 1, pp. 3-6).

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus

3

unless the court finds that a section 2255 motion is "inadequate or ineffective." *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). However, § 2255 "in not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." *Id.* at 538.

Additionally, when a criminal defendant endeavors to bring a federal habeas corpus proceeding challenging rulings in a criminal case that has not yet concluded, the Court of Appeals has held that "the . . . challenge to his conviction and sentence is premature." *Reynolds v. Martinez*, 351 F. App'x 585, 586 (3d Cir. 2009).

Rice is presently pursing his claims in the United States District Court for the Northern District of Ohio and the Sixth Circuit Court of Appeals. (Doc. 1, pp. 3-6; *United States v.* Rice, No. 1:15-cr-32 (N.D. Ohio); *In re: Joenell Rice*, No. 21-3256 (6th Cir.)). Rice still has post-trial motions available to him in his criminal matter, including his currently pending application under 28 U.S.C. § 2244 for permission to file a second or successive

4

habeas petition. *In re: Joenell Rice*, No. 21-3256 (6th Cir.). As such, his current habeas claims should be raised through the proper criminal process rather than through a premature habeas petition, and Rice may not use § 2241 to evade standard criminal and appellate procedures. Consequently, Rice's instant § 2241 habeas petition will be dismissed without prejudice.

### III. Conclusion

Based on the foregoing, the Court will dismiss the petition for writ of habeas corpus without prejudice. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May 11, 2021